# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Cause No. 1:11-cr-15-WTL-KPF-6 |
| MOHAMED WARSAMEY, | ) |
| Defendant. | ) |

## ENTRY ON THE DEFENDANT'S MOTION FOR SPEEDY TRIAL AND MOTION FOR PRETRIAL RELEASE

This cause is before the Court on Defendant Mohamed Warsamey's Combined Motion for Speedy Trial and Motion for Pretrial Release. The motion is fully briefed, and the Court, being duly advised, **DENIES** the Defendant's motion for the reasons set forth below.

## I. BACKGROUND

The Defendant and seven others are charged with knowingly conspiring to possess with the intent to distribute and to distribute cathinone in violation of the Controlled Substances Act. Warsamey was arrested on February 17, 2011, and first appeared on the original indictment charging him on February 18, 2011.

On March 2, 2011, the Government moved to continue the Defendants' trial, and a hearing on the motion was held on April 11, 2011. The Court found that given the amount of discovery, the number of defendants, and the complexity of the case, the ends of justice served by the continuance outweighed the defendants' and the public's interest in a speedier trial. The Court further excluded time lapses between the original April 18, 2011, trial date and the next trial date under 18 U.S.C. § 3161 *et seq.* Trial was rescheduled for September 19, 2011.

At the final pretrial conference held on August 25, 2011, one of Warsamey's co-defendants moved to continue the trial. Warsamey objected to the continuance and the co-defendant's motion was denied.

On August 30, 2011, Warsamey was released to the Volunteers of America ("VOA") under conditions of release imposed by the Court. Warsamey then reversed his objection to the continuation of the bench trial and filed a written motion to continue on September 1, 2011. The Court granted Warsamey's motion and continued trial to November 7, 2011.

On October 18, 2011, the Court granted the withdrawal of counsel for one of Warsamey's co-defendants, warranting the continuation of trial. Warsamey orally objected to the continuance and requested that he be released on his own recognizance pending trial, but the Court denied the oral request and noted that it would consider a written motion if filed. The trial was continued to March 26, 2012.

Warsamey now files a motion on speedy trial grounds and for pretrial release pursuant to the Court's instructions. Warsamey argues that the continuation of trial, combined with his supervision by the VOA pending trial, violates the Sixth Amendment of the Constitution.[1] Accordingly, he requests that the Court (1) dismiss the sole count against him, (2) sever his trial from the remaining defendants, or (3) release him to home detention pending trial in this matter.

## II. DISCUSSION

The Sixth Amendment guarantees the accused in a criminal prosecution the right to a speedy trial. U.S. Const. amend. VI. The Court considers four factors when assessing a speedy

---

[1] Warsamey does not argue that the circumstances constitute a violation of the Speedy Trial Act.

trial challenge: (1) whether delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for that delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether he suffered prejudice as the delay's result. *United States v. White*, 443 F.3d 582, 589 (7th Cir. 2006). However, "unless a presumptively prejudicial amount of time has elapsed in the district court, it is unnecessary to conduct a searching analysis of [the remaining three] factors." *United States v. Oriedo*, 498 F.3d 593, 597 (7th Cir. 2007).

The Seventh Circuit has considered delays that approach one year presumptively prejudicial. *E.g.*, *id.* In this case, more than thirteen months will pass from original indictment to trial, and thus analysis of the remaining factors is warranted.

The second factor, the reason for the delay, requires detailed analysis of the course of pretrial proceedings. *Id.* In April 2011, the Government moved to continue the trial until September 2011– a delay of roughly five months. Warsamey moved to continue the trial in late August 2011, and the trial date was rescheduled for early November 2011 – a roughly two-month delay. Counsel for one of Warsamey's co-defendants withdrew in mid-October 2011, and the trial was again continued, this time to March 26, 2012 – a delay of roughly five months. Thus, while the Government is responsible for a five-month delay, Warsamey himself is responsible for a two-month delay, and his co-defendant is responsible for another five-month delay. Given the relative duration of these delays, as well as Warsamey's own request for delay, this factor does not weigh heavily on either side of the scale.

The third factor, assertion of the right, is similarly unhelpful. While Warsamey did not object to the Government's first delay of five months, he did object to the second delay.

However, once he was released on home detention, he filed his own motion to continue, and the trial was again delayed two months. He now asserts his right in relationship to another delay of five months. Warsamey has asserted his right twice during this now nine-month-long case, but he also reversed his first objection and moved to continue the trial himself.

The fourth factor considers prejudice to the defendant as a result of the delay. The right is intended to (1) prevent oppressive pretrial incarceration; (2) minimize anxiety and concern of the accused; and (3) limit the possibility that the defense will be impaired, which is the most serious concern. *Oriedo*, 498 F.3d at 600.

Warsamey argues the he will suffer oppressive pretrial incarceration because, with a advisory guideline sentencing range of 0-6 months and six and one-half months already spent in prison, if convicted, he could spend seventeen more days in detention than he may receive if he were convicted.[2] Warsamey miscalculates his advisory sentencing range, which is actually 10-16 months.[3] In addition, the anxiety and concern Warsamey suffers is no different than every accused who must serve pretrial detention knowing that he may have ultimately served time for a crime of which he is acquitted. As a result, this aspect of prejudice does not necessarily weigh in Warsamey's favor.

Warsamey presents no evidence that his defense will be prejudiced by continued delay. While a showing of prejudice is not necessary in all circumstances, *id.* at 600 (citing *Moore v.*

---

[2] Warsamey was arrested on February 17, 2011, detained, and released to the VOA on September 1, 2011 – a detention of roughly six and one-half months.

[3] Conviction under 21 U.S.C. 841(a)(1) and (b)(1)(C) for 212.5 kilograms of a mixture or substance containing a detectable amount of cathinone carries a base offense level of 12 pursuant to the U.S. Sentencing Guidelines Manual § 2D1.1, *Commentary* 10(E) (2010).

*Arizona*, 414 U.S. 25, 26, 94 (1973)), this case is unique in that delay may *benefit* the defense given the amount of discovery, the number of Defendants, and complexity of the case, as counsel will have more time to review the evidence and prepare for trial. On the whole, then, concerns of prejudice weigh against Warsamey.

Upon review of the evidence, the Court finds that Warsamey has not demonstrated a denial of his Sixth Amendment right to a speedy trial. The reason for delay is shared by the Government, Warsamey, and his co-defendants. Importantly, Warsamey has not served more time than he may receive if he were to be convicted. Finally, Warsamey has shown no prejudice as a result of the delay.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendant's motion for (1) dismissal of the charges against him, (2) severance of his trial from the remaining defendants, and (3) release of the Defendant on home detention pending trial in this matter.

The Court will, however, review the terms of Warsamey's release at a hearing set for **Wednesday, November 9, 2011, at 10:30 a.m. in Courtroom 202, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana**.

SO ORDERED:   11/04/2011

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:   All counsel of record, via electronic communication

United States Marshal Service

5